1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

| | |
|---|---|
| DIANA SAMPLE, Individually, | No. 14-cv-5255 |
| Plaintiff, | |
| vs. | **COMPLAINT FOR DAMAGES & JURY DEMAND** |
| S & H PROPERTIES AND ENTERPRISES, INC., a Washington Corporation, d/b/a, DIGNITY PEOPLE, DIGNITY MEMORIAL, OLYMPIC FUNERAL HOME, MILLS & MILLS FUNERAL DIRECTORS and SERVICE CORPORATION INTERNATIONAL. | |
| Defendant. | |

## COMPLAINT

Plaintiff, by and through David H. Black, Esq. of Law Office of David H. Black, PC, attorney of record, alleges:

### I.   INTRODUCTION

**1.1** This is a lawsuit for sex/gender discrimination in terms and/or conditions of employment, hostile environment harassment, and retaliation against Plaintiff for engaging in opposition activity under the Washington Law Against Discrimination, RCW 49.60 et seq. and

COMPLAINT & JURY DEMAND
PAGE 1

LAW OFFICE OF DAVID H. BLACK, PC
4810 Point Fosdick Dr NW, SUITE 250
GIG HARBOR, WA  98335
Tel: (206) 853-8994
E-Mail: dave@HRESQ.com

1  for discrimination against Plaintiff for taking leave protected under the Family Medical Leave

2  Act.  Defendant discriminated and retaliated against Plaintiff based on her pregnancy status,

3  sex, her opposition activities and her maternity leave.

## II.   JURISDICTION & VENUE

**2.1**   This Court has subject matter jurisdiction over this matter pursuant to 28 USC § 1331 (Federal Question - FMLA).

**2.2**   Venue is proper because all of the events that support Plaintiff's allegations occurred in Thurston County, Washington.

## III.   PARTIES

**3.1**   **Plaintiff**

**3.1.1**   Plaintiff DIANA SAMPLE is a female citizen and resident of Pierce County, Washington who is employed by Defendant at its Tumwater, Washington location in Thurston County.

**3.2**   **Defendants**

**3.2.1**   Defendant S & H PROPERTIES AND ENTERPRISES, INC. ("Dignity") is a Washington Corporation that conducts funeral business under the following names: Dignity People, Dignity Memorial, Olympic Funeral Home, Mills & Mills Funeral Directors, and Service Corporation International.

**3.2.2**   Dignity is Plaintiff's employer and/or joint employer during all times relevant to the suit.

**3.2.3**   Dignity employs more than 50 employees within a 75 mile radius of Plaintiff's work location in Tumwater, Washington.

COMPLAINT & JURY DEMAND
PAGE 2

LAW OFFICE OF DAVID H. BLACK, PC
4810 Point Fosdick Dr NW, SUITE 250
GIG HARBOR, WA  98335
Tel: (206) 853-8994
E-Mail: dave@HRESQ.com

## IV.   FACTS

**4.1**   Dignity hired Plaintiff as a sales manager on June 18, 2009 at a base wage of $50,000 plus commissions.

**4.2**   Sometime after her hire, Dignity employee Brady Leder was assigned as the General Manager and Plaintiff's supervisor.

**4.3**   Plaintiff became pregnant and gave birth to a child in 2011 and another child in 2012.

**4.4**   When Plaintiff requested and took maternity leave for her pregnancies, Leder and Defendant Dignity wilfully discriminated against, harassed and retaliated against Plaintiff by raising Plaintiff's sales quotas, treating her less favorably in terms and conditions of employment, lowering her pay, disciplining Plaintiff, suspending her without pay despite her classification as an employee exempt from federal and state wage and hour law overtime requirements, denying her vacation leave and forcing her to pay for business expenditures.

**4.5**   When Plaintiff complained about the unlawful treatment, Leder and Defendant Dignity engaged in further discrimination and harassment including but not limited to raising Plaintiff's sales quotas, treating her less favorably in terms and conditions of employment, lowering her pay, disciplining Plaintiff, suspending her without pay despite her classification as an employee exempt from federal and state wage and hour law overtime requirements, denying her vacation leave and forcing her to pay for business expenditures.

**4.6**   One example of Leder and Defendant's discriminatory and retaliatory behavior occurred on or about August 21, 2012 when Leder told Plaintiff that because of her pregnancies, she needed to think about what she was doing with the future of her job and that "corporate" was going to increase her sales quota so high that she would never be able to hit more than 80%

COMPLAINT & JURY DEMAND
PAGE 3

LAW OFFICE OF DAVID H. BLACK, PC
4810 Point Fosdick Dr NW, SUITE 250
GIG HARBOR, WA  98335
Tel: (206) 853-8994
E-Mail: dave@HRESQ.com

and make a commission. Leder then told Plaintiff to think about what he said while she was on maternity leave and to come back with a game plan.

**4.7** Another example of Leder and Defendant's discriminatory and retaliatory behavior occurred in October and November 2012. Leder and Defendant cut Plaintiff's Maternity leave short and while she was out on leave, Leder removed Plaintiff's book shelf from her work area and took down her company awards to place them in boxes.

**4.8** Also in November 2012, Leder and Defendant told Plaintiff that there would not be a salary increase because she was pregnant in 2011 and 2012. In denying Plaintiff a salary increase, Leder also asked Plaintiff "you're not going to have another kid in 2013, right?" Leder and Defendant then told Plaintiff that "if she did not have a kid in 2013, we can look at a raise in 2014."

### V.   CLAIMS FOR RELIEF

**5.1   Disparate Treatment Discrimination – Age (RCW 49.60 *et al*)**: Plaintiff incorporates all preceding paragraphs as though fully set forth herein as a proximate cause of her injuries.

**5.1.1** Defendant treated Plaintiff disparately in her terms and conditions of employment, based on her pregnancy and her sex.

**5.1.2** Defendants treated similarly situated persons outside the protected class much more favorably in terms and conditions of employment.

**5.1.3** As a direct and proximate result of Defendant's unlawful conduct, Plaintiff suffered compensatory and noncompensatory losses and is entitled to damages for lost pay and benefits (adjusted for *Blaney* tax implications), emotional distress and mental anguish, interest, and reasonable attorney fees and costs, in excess of $80,000, all in an amount to be established at trial and in post-trial proceedings.

COMPLAINT & JURY DEMAND
PAGE 4

LAW OFFICE OF DAVID H. BLACK, PC
4810 Point Fosdick Dr NW, SUITE 250
GIG HARBOR, WA  98335
Tel: (206) 853-8994
E-Mail: dave@HRESQ.com

**5.2    Hostile Environment Harassment – Sex/Pregnancy (RCW 49.60 *et al*)**: Plaintiff incorporates all preceding paragraphs as though fully set forth herein as a proximate cause of her injuries.

**5.2.1**    Defendant engaged in severe and/or pervasive unwelcome misconduct toward Plaintiff because of her pregnancy and sex.

**5.2.2**    Defendant's misconduct altered the terms and conditions of Plaintiff's employment.

**5.2.3**    As a direct and proximate result of Defendant's unlawful conduct, Plaintiff suffered compensatory and noncompensatory losses and is entitled to damages for reduced pay, emotional distress and mental anguish, interest, and reasonable attorney fees and costs, all in an amount to be established at trial and in post-trial proceedings.

**5.3    Unlawful Retaliation – Opposition Activity (RCW 49.60 *et al*)**: Plaintiff incorporates all preceding paragraphs as though fully set forth herein as a proximate cause of her injuries.

**5.3.1**    Plaintiff engaged in protected opposition conduct when she complained to Defendant about the discrimination, harassment and retaliatory conduct she experienced from Leder.

**5.3.2**    Instead of assisting Plaintiff, Defendant embarked on a campaign of retaliation designed to encourage Plaintiff to resign.

**5.3.3**    As a direct and proximate result of Defendants' retaliatory unlawful conduct, Plaintiff suffered compensatory and noncompensatory losses and is entitled to damages for reduced pay, emotional distress and mental anguish, and reasonable attorney fees and costs, all in an amount to be established at trial and in post-trial proceedings.

COMPLAINT & JURY DEMAND
PAGE 5

LAW OFFICE OF DAVID H. BLACK, PC
4810 Point Fosdick Dr NW, SUITE 250
GIG HARBOR, WA  98335
Tel: (206) 853-8994
E-Mail: dave@HRESQ.com

**5.4    Family & Medical Leave Act ("FMLA") Violation**:  Plaintiff incorporates all preceding paragraphs as though fully set forth herein as a proximate cause of her injuries.

**5.4.1**   In 2011, 2012, and 2013, Plaintiff worked enough hours to qualify for FMLA coverage.

**5.4.2**   Defendant denied Plaintiff leave to which she was entitled under the Family Medical Leave Act because of and/or related to her pregnancy, telling her that she needed to return from FMLA leave regardless of her FMLA rights and cutting her leave short.

**5.4.3**   Defendant discriminated against Plaintiff in the exercise of its vacation leave policies because of Plaintiff's pregnancy/maternity leave status which qualified for FMLA coverage.

**5.4.4**   After Plaintiff took some leave which qualified for FMLA protection, Defendant retaliated and discriminated against Plaintiff for exercising her FMLA rights.

**5.4.5**   Defendant engaged in the above misconduct wilfully and in direct disregard for Plaintiff's rights under the FMLA.

**5.4.6**   As a direct and proximate result of Defendants' unlawful conduct, Plaintiff is entitled to compensatory damages (wage loss damages), liquidated damages under 29 USC § 2617 (a)(1)(A)(iii), and reasonable attorney fees and costs, all in an amount to be established at trial and in post-trial proceedings.

## VI.    DAMAGES

**6.1**    Plaintiff re-alleges and incorporates herein the preceding paragraphs of this Complaint as set forth in full.  As a direct and proximate result of the acts and omissions of the Defendant, the Plaintiff suffered emotional distress, mental anguish, loss of pay, benefits, attorney fees and costs, and interest thereon, all in amounts to be determined at trial and in post-trial proceedings, currently estimated in excess of  $160,000.

COMPLAINT & JURY DEMAND
PAGE 6

LAW OFFICE OF DAVID H. BLACK, PC
4810 Point Fosdick Dr NW, SUITE 250
GIG HARBOR, WA  98335
Tel: (206) 853-8994
E-Mail: dave@HRESQ.com

## VII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant, as follows:

(1)   For such special damages as shall be established at time of trial;

(2)   For such general damages as shall be established at time of trial;

(3)   For such lost wages, back pay, and benefits, in amounts to be established at trial adjusted for tax consequences;

(4)   For liquidated damages; and

(5)   For such attorneys' fees, interest, costs, and such other and further relief as shall be allowed by law or deemed just and equitable.

Dated this 26th day of March, 2014.

LAW OFFICE OF DAVID H. BLACK, PC

By_____

David H. Black, WSBA No. 29183
4810 Point Fosdick Dr NW, #250
Gig Harbor, WA  98335
Tel: (206) 853-8994
E-Mail: dave@hresq.com
Web: www.HRESQ.com

Attorney for Plaintiff  Diana Sample

COMPLAINT & JURY DEMAND
PAGE 7

LAW OFFICE OF DAVID H. BLACK, PC
4810 Point Fosdick Dr NW, SUITE 250
GIG HARBOR, WA  98335
Tel: (206) 853-8994
E-Mail: dave@HRESQ.com

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated this 26th day of March, 2014.

           LAW OFFICE OF DAVID H. BLACK, PC

By _____

    David H. Black, WSBA No. 29183
    4810 Point Fosdick Dr NW, #250
    Gig Harbor, WA  98335
    Tel: (206) 853-8994
    E-Mail: dave@hresq.com
    Web: www.HRESQ.com

Attorney for Plaintiff  Diana Sample

COMPLAINT & JURY DEMAND
PAGE 8

LAW OFFICE OF DAVID H. BLACK, PC
4810 Point Fosdick Dr NW, SUITE 250
GIG HARBOR, WA  98335
Tel: (206) 853-8994
E-Mail: dave@HRESQ.com